IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATIL KOYUNCU ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE NO. |
| UNUM LIFE INSURANCE ) | |
| COMPANY OF AMERICA ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

### **I. JURISDICTION AND PARTIES**

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1001, *et. seq.*

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. §1132.

3.

Plaintiff, Atil Koyuncu (hereinafter "Plaintiff"), is a citizen of the United States and of the State of Georgia.

4.

Defendant, Unum Life Insurance Company of America (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia.

5.

Defendant Unum Life Insurance Company of America may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Ben Hill, Norcross, GA 30092.

6.

Defendant Unum Life Insurance Company of America negotiated, maintained and administered the disability policy at issue in this Complaint.

## II. STATEMENT OF FACTS

7.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 6 stated above.

8.

Plaintiff's employer, New York Presbyterian Hospital, contracted with Defendant to provide long term disability benefits and life insurance to its employees.

9.

At all times material to this action, an insurance policy for long term disability was in full force and effect, constituting a binding contract between Defendant and New York Presbyterian Hospital.

10.

Defendant pays long term disability insurance to covered employees of New York Presbyterian Hospital under the Policy from its own assets.

11.

New York Presbyterian Hospital offered long term disability coverage to its employees as part of an overall welfare benefit plan, as defined under ERISA.

12.

Plaintiff was an insured employee under Defendant's long term disability insurance policy.

13.

Defendant administered the long term disability plan and made all decisions as to benefits payable to eligible employees of New York Presbyterian Hospital.

14.

Under Defendant's Policy, you are disabled when Unum determines that:

- you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.

After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

15.

Under Defendant's policy, the policy also contains a limitation provision which states that:

- disabilities due to mental illness, alcoholism or drug abuse have a limited pay period for up to 24 months.... Unum will not apply the mental illness provision to dementia as a result of stroke, trauma, viral infection, alzheimer's disease; or other conditions not listed which are not usually treated by a mental health provider or other qualified providers using psychotherapy, psychotropic drugs or other similar methods of treatment.

16.

Plaintiff worked for New York Presbyterian Hospital as a Director of Quality Improvement.

17.

Plaintiff ceased working on January 27, 2012 due to complications caused by multiple sclerosis.

18.

Defendant found Plaintiff disabled and paid benefits for two years up to and including July 25, 2014.

19.

On November 5, 2014, Defendant denied continuing benefits stating that Plaintiff's claim was subject to the mental health limitation.

20.

Plaintiff appealed this denial of benefits with copious information and medical records showing his condition.

21.

On July 24, 2015, Defendant upheld its decision on appeal stating that its reviewing psychologist did not find that the test data supported deficits in cognitive

functioning from an organic non-behavioral health medical condition.

22.

Plaintiff appealed this decision with multiple MRI's and other significant objective findings.

23.

On June 3, 2016, Unum upheld its decision on appeal again.

24.

Administrative remedies have been exhausted.

25.

Defendant's denial of Plaintiff's claim for long term disability benefits is a breach of the terms of the policy issued by Defendant.

### III. CLAIM FOR RELIEF

### ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

26.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25 stated above.

27.

Plaintiff is entitled to long term disability benefits under Defendant's Policy

for the following reasons:

    a.    These benefits are permitted under the plans;

    b.    Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

    c.    Plaintiff has not waived or otherwise relinquished his entitlement to these benefits.

28.

Defendant has refused to pay disability benefits despite substantial medical documentation and supportive opinions from Plaintiff's treating physicians. As a result of Defendant's failure to pay benefits to Plaintiff, he is entitled to relief as outlined below.

<b><u>IV. RELIEF REQUESTED</u></b>

WHEREFORE, Plaintiff requests judgment of this honorable Court against Defendant as follows:

    (1)    Find and hold Defendant owes Plaintiff disability benefits in the proper amount from July 25, 2014 and continuing, plus the maximum allowable interest on all back benefits;

    (2)    Enjoin Defendant from any further prohibited acts against Plaintiff;

(3)     Award Plaintiff attorneys' fees, including litigation expenses, and the cost of this action; and

(4)     Grant other and further relief as may be just and proper.

This the 21ᵗʰ day of November, 2016.

ROGERS, HOFRICHTER & KARRH, LLC

*Heather Kendall Karrh*
HEATHER KENDALL KARRH
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770) 460-1118
hkarrh@rhlpc.com

Attorneys for Plaintiff